## SERVICE TRANSPORT CO., Plaintiff-Appellee, v. MATYAS, Admrx., Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22527. Decided July 7, 1952.

Oscar J. Green, S. Neil Hosenball, Cleveland, for plaintiff-appellee.

J. Harmon Cohen, Cleveland, for defendant-appellant.

## OPINION

By THOMPSON, J:

A motion to certify on the ground of conflict was filed in this case by plaintiff appellee and submitted on briefs and oral argument. At the hearing we indicated that if we did not find grounds for granting a motion to certify on the ground of conflict, we would treat the application as one for rehearing.

At the outset, we should state that we did not hold in this case that an action in replevin may never be available on the part of a third party against an administrator in possession nor that any remedies on the part of plaintiff appellee in the Probate Court were exclusive. We merely held that under the pleadings in the instant case an action in replevin was not stated as against the administratrix in possession of personal property.

On the motion to certify, counsel for plaintiff appellee has stressed in particular the cases of **Scott v. Mofford, 64 Oh Ap 457, Lorain County Savings & Trust Co. v. Haynes, 26 Oh Ap 552, Brown v. Southern Ohio Savings Bank, 22 Oh Ap 325**, and **Walkey, Admr. v. Loney, 13 Oh Ap 393**. The first case was an action in the common pleas court to recover possession of real estate, brought by a daughter of decedent who was asserting title under a deed against the sole legatee under a will. It was not an action in replevin to recover personal property against the personal representative of the estate and the facts do not indicate that the executor was a party defendant.

The case merely holds that inclusion of the real estate in the inventory of the creditor's estate to which no exceptions were filed and in which no actual hearing was held, was not res adjudicata and did not estop the grantee from asserting title to the real estate.

In **Lorain County Savings & Trust Co. v. Haynes, 26 Oh Ap 552**, the husband of decedent on Nov. 27, 1925, brought an action in replevin against the Lorain County Savings & Trust Company to obtain certain jewelry, the bank being a former administrator of the wife's estate, removed prior to filing of the suit because of the discovery of a will and appointment of executors under the will on Nov. 18, 1925. Upon being sued, the bank, former administrator, interpleaded the executors who also claimed the personal property in question. The suit, therefore, was not one by a stranger against the personal representatives of an estate who had a prima facie right to possession of the personal property of decedent, but an action by a stranger against a former administrator and executors out of possession. No question was therefore involved as to the respective rights of a claimant or creditor as against an administrator in possession of personal property.

In **Brown v. Southern Ohio Savings Bank, 22 Oh Ap 325,** it was held by the Court of Appeals for Huron County that the probate court had jurisdiction to determine ownership of stock inventoried as assets of the intestate's estate and that the common pleas court had jurisdiction on appeal. It was also held that claimants to personal property inventoried as assets of the estate were not barred from questioning ownership by failure to file exceptions to the inventory within six months but could raise that question by direct proceedings in the probate court. The court also asserted that the claimants could by direct action raise the question in the common pleas court but no question of right to maintain a suit in replevin was indicated.

The case of **Walkey, Admr. v. Loney, 13 Oh Ap 393,** covered three controversies involving claims against the estates of Loney and his wife, two originating in the probate court and one seeking relief in common pleas court by way of money judgment and delivery or cancellation of certain notes executed by the decedent. No question of replevin was involved.

We have examined the other cases cited and find no decisions which would warrant us in certifying this case to the Supreme Court of Ohio on the ground of conflict. We again refer to **Lingler v. Wesco, 79 Oh St 225,** cited in our original opinion as the nearest analogy we have found. The case has been frequently cited, the most recent occasion being in the nisi prius case of **Moreland v. Roberts, 40 Abs 272 (1943).** The latter case covers the situation of a chattel mortgagee where power to take possession and sell on default was expressly granted under the terms of the mortgage, a permission apparently not existent in Lingler v. Westco. It was none the less held that the right of possession upon the death of a mortgagor was transferred to the administrator of the mortgagor by virtue of his appointment and qualification as against the mortgagee. Although circumstances might warrant the maintenance of an action in replevin in the common pleas court against an administrator of an estate, a clearer case for such right must be stated than has been alleged in the petition presented.

The motion to certify is overruled, and the application for rehearing denied. Exceptions.

SKEEL, PJ, HURD, J, concur.